UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GERALD WILLIAMS** | **CIVIL ACTION NO. 18-693-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIMS

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gerald Williams, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 23, 2018. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Jerry Goodwin, Ryan Kimball, Scott Cottrell, Johnnie Adkins, and Lonnie Nail as defendants.

Plaintiff claims Col. Lonnie Nail discriminated against him. He claims inmate Nicholas Cormouche signed his name to a sexually explicit letter and placed it on inmate David Jennings's bed. He claims Jennings took the letter to Captain John Huey. He claims Captain Huey and Major Coleman investigated the incident and viewed inmate Cormouche on the security camera place the letter on Jennings's bed. He claims Cormouche was then

placed in lock-down. Plaintiff claims that the next day, Colonel Nail released Cormouche from lock-down.

Plaintiff claims that on September 7, 2017, he was written up for masturbating while looking at another inmate. He claims he was charged with violating Rule 30-general prohibited behavior and placed in administrative segregation. He claims that on September 8, 2017, he was found guilty of the charge and sentenced to extended lock-down for five and a half months. He claims that as a result of his sentence, he lost his personal property.

Plaintiff claims Captain Ryan Kimball conducted an illegal investigation. He claims Kimball had no jurisdiction to conduct the investigation because he is assigned to the north compound and conducted the investigation on the south compound. He claims Kimball has not conducted any other investigations on the south compound. He claims Colonel Nail allowed his son-in-law Ryan Kimble to break the rules, regulations, and policies of the Department of Corrections and Civil Service. He claims Kimball violated his United States Constitutional rights of due process of law and to be free from cruel and unusual punishment. He claims he should have been charged with a Rule 21 violation-sexual misconduct, not a Rule 30 violation-general prohibited behavior.

Plaintiff claims Lt. Colonel Scott Cottrell was a member of the disciplinary board that heard his case. He claims Cottrell was aware of the misdeeds committed during the investigation but allowed him to be convicted.

Plaintiff claims he attempted several times to file a claim of retaliation against Kimball and Cottrell. He claims Officer Johnnie Adkins rejected his claims.

Plaintiff claims he filed three grievances in the administrative remedy procedure and each grievance was rejected. He claims Warden Goodwin received copies of the grievances and is therefore aware of the matter. He claims Goodwin rejected his grievance in order to cover for his officers.

Accordingly, Plaintiff seeks monetary damages, the return of everything taken from him, and court costs.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

Plaintiff claims that on September 8, 2017, he was found guilty of general prohibited behavior and sentenced to extended lock-down for five and a half months. Plaintiff claims Captain Ryan Kimball conducted an illegal investigation. He claims Colonel Nail allowed his son-in-law Ryan Kimble to break the rules, regulations, and policies of the Department of Corrections and Civil Service. He claims Kimball violated his United States Constitutional rights of due process of law and to be free from cruel and unusual punishment. He claims he should have been charged with a Rule 21 violation-sexual misconduct, not a Rule 30 violation-general prohibited behavior. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the

inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Id. 132 L.Ed.2d at 431. Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence. To the contrary, Plaintiff's allegations concern his sentence to extended lock-down which is far from "extraordinary." This court finds that under Sandin, Orellana and Madison, a sentence of extended lock-down does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**Discrimination**

Plaintiff claims he was more harshly punished in the prison disciplinary proceedings than another inmate. To prove a cause of action under 1983, Plaintiff must demonstrate

that prison officials acted with a discriminatory purpose. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995). "Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Id., citing United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992).

Plaintiff has failed to allege a discriminatory purpose. He claims only that he was more harshly punished than another inmate. Plaintiff rests his claim only on his personal belief that discrimination played a role in his alleged harsh punishment.

Accordingly, Plaintiff has failed to allege a viable equal protection claim and this claim should be dismissed as frivolous.

**Administrative Remedy Procedure**

Plaintiff complains his grievances in the administrative remedy procedure were wrongly rejected. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D. La. 2000); Brown v. Dodson, et al., 863 F. Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not

compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the Defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, these claims regarding the administrative remedy procedure should be dismissed with prejudice as frivolous.

**Property**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and

may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge